IN THE UNTIED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CHELSEA WOODS,<br>Individually and on behalf of all other<br>similarly situated current and former<br>employees, | )<br>)<br>)<br>)<br>) | No. _____ |
| Plaintiff, | )<br>) | FLSA Opt-In Collective Action |
| VS. | ) | JURY TRIAL DEMANDED |
| A+ CARE SOLUTIONS, INC., and<br>ANTONIO WHITE. | )<br>)<br>)<br>)<br>)<br>) | |

## COMPLAINT

Comes now the Plaintiff, Chelsea Woods, and by and through undersigned counsel, and on behalf of all others similarly situated, states her cause of action as follows:

## PARTIES

1. Plaintiff, Chelsea Woods ("Woods" or "Plaintiff") is an adult individual who at all times relevant to this Complaint has been a resident of the state of Tennessee and an employee of A+ Care Solutions, Inc. ("A+"). Plaintiff's Consent to Join this lawsuit is attached hereto as Exhibit A.

2. Defendant A+ Care Solutions, Inc. is a for-profit corporation formed pursuant to the laws of the State of Tennessee with its principal address at 2223 Berrywood Road, Nashville, Tennessee 37216 and can be served through its registered agent for service of process: Angela

Brooks at Suite 306, 1408 Highland Avenue, Jackson, Tennessee 38301. At all times material to this action, A+ and White has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

1. Defendant Antonio White ("White") is, upon information and belief, the owner and chief executive officer of A+. White has the authority to hire, fire, promote employees of A+, set work hours, direct work activities, set wages and is in a position of authority that led to the business decisions that led to the FLSA violations herein.

**JURISDICTION AND VENUE**

2. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff' FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because A+ and White regularly conducts business in this district, A+'s wage and hour plans, policies and practices have been applied in this district.

4. Plaintiff brings this action on behalf of the following similarly-situated individuals:

> All current and former employees classified as Supervisor/Superintendent of A+ and White Construction Company, Inc., at any time during the applicable limitation's period covered by this Complaint (i.e. two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").

## FACTS

5. A+ is a home care services firm providing in-home assisted living services to elderly and disabled individuals in Memphis and Jackson, Tennessee.

6. Plaintiff, and all other similarly situated persons, are current or former employees of A+.

7. A+ employed Plaintiff, and those similarly situated, and was responsible for establishing and administering pay policies and practices, including pay classifications and overtime pay rates, during all times relevant to this Complaint.

8. White, at all times relevant to this Complaint, was and is the owner and chief executive officer of A+ and the authority to hire, fire, promote employees of A+, set work hours, direct work activities, set wages and is in a position of authority that led to the business decisions that led to the FLSA violations herein.

9. White exerts substantial and pervasive control over a company's day-to-day operations or the plaintiff's employment conditions and is a person acting directly or indirectly in the interest of an employer, 29 U.S.C.S. § 203(d).

10. Upon information and belief, decisions regarding Plaintiff's and other members of the class's compensation and other terms of employment were made solely by Defendant White.

11. Upon information and belief, A+ has had a centralized plan, policy and practice or scheme of establishing and administering pay practices for its employees classified as "Lead Direct Support Personnel" or "Lead DSPs".

12. At all times relevant to this Complaint, Plaintiff, and those similarly situated, are or have been "employees" of A+ as defined by Section 203(e)(1) of the FLSA and, worked for

A+ within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

13. At all times relevant to this Complaint, A+ has been subject to the pay requirements of the FLSA because it is an enterprise in interstate commerce and its employees are engaged in interstate commerce.

14. A+ employs individuals classified as "Lead DSPs" whose primary duties are non-managerial in nature and whose principal duties are to provide in-home care for clients of A+.

15. A+ required Plaintiff, and similarly situated individuals, to record all hours worked on a weekly basis and report those hours to A+.

16. During Plaintiff's employment with A+, Plaintiff, and similarly situated individuals, regularly worked in excess of forty (40) hours per week.

17. In fact, A+ and White required that Plaintiff, and similarly situated individuals, work a minimum of fifty-two (52) hours per week. An employee who worked in excess of fifty (52) hours per week was then paid $8.00 per hour for any hour thereafter.

18. A+ and White knew that Plaintiff, and similarly situated individuals were working in excess of forty (40) hours per week.

19. A+ and White required Plaintiff, and similarly situated individuals, to record their hours so that they could monitor the employees and bill the appropriate client accordingly.

20. A+ and White failed to pay Plaintiff, and similarly situated individuals, overtime compensation for all hours worked in excess of forty (40) hours per week during the relevant statutory limitations period.

21. A+ and White treated Plaintiff, and similarly situated individuals, as exempt employees when it was in A+ and White's financial interests to do so.

22. Plaintiff's and similarly situated individuals' pay was "docked" if they failed to work the minimum fifty-two (52) hours required by A+ and White.

23. A+ is unable to meet its burden of showing that Plaintiff, and similarly situated individuals, fall within any of the FLSA overtime exemptions, 29 C.F.R. §§ 541.300, et seq.

24. Plaintiff, and similarly situated individuals, A+ and White classified as "lead DPS" who have not been paid overtime compensation for all hours worked in excess of forty (40) hours per week, during the relevant statutory limitations' period, are entitled to receive all such overtime compensation due to them from A+ and White.

25. The net effect of A+ and White's plan, policy and practice of not paying Plaintiff and other similarly situated employees classified as Supervisor/Superintendent overtime compensation for all hours worked in excess of forty (40) hours per week, during the relevant statutory limitations' period, was a scheme to save payroll costs and payroll taxes for which A+ and White has enjoyed ill gained profits at the expense of Plaintiff and other members of the class.

26. A+ and White's failure to pay Plaintiff and other similarly situated employees overtime wages is a willful violation of the Fair Labor Standards Act.

27. A+ and White cannot sustain the substantial burden of showing its failure to comply with the FLSA is in good faith and predicated on reasonable grounds.

28. At the time of filing this Complaint, Plaintiff and other similarly situated employees are unable to calculate the exact amount owed to them. However, Plaintiff believes that such information will become available during the course of discovery.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff re-alleges and incorporates the Paragraphs above as if set forth fully herein.

30. Plaintiff brings this action on behalf of herself and the class as a collective action pursuant to the FLSA, 29 U.S.C. § 206, 207, and 261(b).

31. The claims under the FLSA may be pursued by those who opt in to this case under 29 U.S.C. § 216(b).

32. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiff at this time, it can only be ascertained through discovery, Plaintiff believes there are more than one hundred (100) individuals in the class.

33. The claims of Plaintiff are typical of the claims of the class. Plaintiff and other members of the class work or have worked for A+ and White at client's homes in Memphis and Jackson, Tennessee and were subject to the same policies, procedures and practices of the operations of the enterprise, compensation and timekeeping, including the failure of A+ and White to pay Plaintiff and the other members of the class, classified as DPS Leads overtime compensation under the FLSA for all hours worked in excess of 40 hours per week.

34. Plaintiff will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the class. Plaintiff has no interests

adverse to the class and, Plaintiff has retained competent counsel who are experienced in such litigation.

35. Collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually see redress for the wrongs done to them.

36. Plaintiff and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies and practices implemented and administered by A+ and White.

## COUNT I

## RECOVERY OF OVERTIME COMPENSATION

37. Plaintiff re-alleges and incorporates the Paragraphs above as if set forth fully herein.

38. At all relevant times, A+ and White has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all relevant times to this Complaint.

39. At all relevant times, A+ and White employed (and/or continues to employ) Plaintiff and each of the other members of the class within the meaning of the FLSA.

40. At all times relevant, A+ and White had a uniform plan, policy and practice of willfully refusing to pay the federal applicable overtime compensation to Plaintiff and other members of the class for all hours worked in excess of forty (40) hours per week.

41. At all times relevant, A+ and White had actual and/or constructive knowledge of willfully refusing to pay the federal applicable overtime compensation to Plaintiff and other members of the class for all hours worked in excess of forty (40) hours per week.

42. At all times relevant, A+ and White did not have a good faith basis for its failure to pay the federal applicable overtime compensation to Plaintiff and other members of the class for all hours worked in excess of forty (40) hours per week. As a result of A+ and White's willful failure to pay Plaintiff and other members of the class the applicable federal applicable overtime compensation for all hours worked over forty (40) per week during the relevant statutory limitations' period, it has violated the FLSA, 29 U.S.C. §§ 201, *et seq.*

43. A+ and White's conduct constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

44. Due to A+ and White's willful violations of the FLSA and its lack of good faith, in its failure to pay Plaintiff and the other members of the class overtime, Plaintiff and the other members of the class are entitled to recover an additional amount as liquidated damages, as well as interest, reasonable attorney fees, costs and disbursements relating to this action for the three-year statutory limitations period pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF individually and on behalf of the other similarly situated members of the class demand judgment against Defendants A+ and White, as well as a request this Court to grant Plaintiff and the class the following relief:

1. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C.§ 216©, apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual consents under 29 U.S.C. § 216(b);
2. An award of compensation for unpaid overtime wages;
3. An award of liquidated damages;
4. An award of prejudgment and post judgment interest at the applicable legal rate to Plaintiff and other members of the class;
5. An award of costs, expenses and disbursements relating to this action;
6. An award of reasonable attorney fees and expert fees;
7. A ruling that the three-year statutory period for will violations of the FLSA applies to this action; and
8. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. Pro. 38(b), Plaintiff demands a trial by jury on all issues so triable.

DATED: January 24, 2017

Respectfully Submitted,

/s/ James M. Allen

---

JAMES M. ALLEN (#015968)
Attorney for Plaintiff
ALLEN LAW FIRM, PLLC
212 Adams Avenue
Memphis, TN 38103
901-321-0731
*jim@jmallenlaw.com*

/s/ Lee A. Filderman

---

LEE A. FILDERMAN (#015808)
Attorney for Plaintiff
LAW OFFICE OF LEE A. FILDERMAN
200 Jefferson Avenue
Suite 1500
Memphis, TN 38103
901-523-9100
*fildermanlaw@gmail.com*


/s/ EDWARD M. BEARMAN

---

EDWARD M. BEARMAN (#014242)
Attorney for Plaintiff
LAW OFFICE OF EDWARD M. BEARMAN
780 Ridge Lake Blvd.
Suite 202
Memphis, TN 38120
901-682-3450
*ebearman@jglawfirm.com*

**IN THE UNTIED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CHELSEA WOODS, | ) | |
| Individually and on behalf of all other | ) | |
| similarly situated current and former | ) | No. _____ |
| employees, | ) | |
| | ) | FLSA Opt-In Collective Action |
| Plaintiff, | ) | |
| | ) | JURY TRIAL DEMANDED |
| VS. | ) | |
| | ) | |
| A+ CARE SOLUTIONS, INC., and | ) | |
| ANTONIO WHITE. | ) | |

## CONSENT TO JOIN

1. I have been employed by A+ Care Solutions, Inc. as a DPS lead within the past three (3) years.
2. I hereby consent to join this or any subsequent action against the Defendants as the Party-Plaintiff to assert claims for violations of the FLSA 29 U.S.C. § 201, et seq., and unpaid overtime wages as specified in the Complaint.
3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b), et seq. I hereby consent, agree and opt-in to become the Party-Plaintiff in this action.
4. I agree to be represented by the Allen Law Firm, PLLC and attorneys James M. Allen and Lee A. Filderman, as well as any other attorneys whom they may associate.
5. If this case does not proceed collectively, I also consent to join and subsequent action to assert claims against these Defendants and any other related entities for unpaid wages, including overtime.
6. I understand that the personal information provided on this form will not be used for purposes other than these legal claims.

_____     _____
Signature             Date                           Full Legal Name